UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| KRISTY C.Z. BARSZ | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-371 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

**MEMORANDUM OPINION**

The plaintiff Kristy C.Z. Barsz has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny her application for supplemental security income under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Barsz was born in 1973 and was 29 years old at the time of her administrative hearing. [Tr. 587]. She completed eighth grade and has no relevant past work experience. [Tr. 587-88]. Ms. Barsz alleges she is disabled as of January 14, 2002, from seizures, headaches, problems standing, and her nerves. [Tr. 16, 586]. Based upon a finding that her impairments were severe, but not severe enough, the Administrative Law Judge [ALJ] found that Ms. Barsz was not disabled as defined by

the Social Security Act. [Tr. 19].

At Ms. Barsz's administrative hearing held on December 30, 2002, the testimony of Ms. Barsz and vocational expert Norman Hankins was received into evidence. [Tr. 587-600]. Ms. Barsz indicated the most serious problem she has that prevents her from working is a seizure disorder that began about seven years ago. [Tr. 588]. She also indicated she had trouble with depression and anxiety. [Tr. 591].

Vocational expert Norman Hankins testified next. [Tr. 596-99]. The ALJ asked him to consider a person of Ms. Barsz's height, weight, education, and work background who had the residual functional capacity [RFC] for all levels of exertion but must avoid hazardous work around dangerous machinery and unprotected heights because of a seizure disorder. [Tr. 596]. In addition, such a person had an emotional disorder with some restrictions regarding her ability to perform work related activities. [*Id.*]. The vocational expert indicated such a person could be a waitress, maid, dishwasher, assembler, inspector, and hand packager. [Tr. 597]. The vocational expert also noted that if Ms. Barsz was having three seizures a month as her testimony indicated, she would be unable to work. [Tr. 598].

The ALJ ruled that Ms. Barsz was not disabled because the medical evidence indicated her anxiety disorder, personality disorder, and seizure history were severe, but not severe enough. [Tr. 19]. The ALJ found that Ms. Barsz's mental

impairments caused her to experience "only mild restrictions in activities of daily living, no difficulties in maintaining social functioning, no difficulties in maintaining concentration/persistence/pace, and no repeated episodes of decompensation." [*Id*.]. The ALJ found she retained the RFC to "perform work at all exertional levels not involving hazardous work around dangerous machinery and unprotected heights." [*Id*.].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Barsz requests summary judgment and challenges the ALJ's finding that her depression and migraine headaches were not severe impairments, the ALJ's failure to consider her impairments in combination, and his failure to evaluate the effect of

3

her medications on her ability to work.

Ms. Barsz first argues the ALJ should have found that her depression and migraine headaches were severe impairments. Although the ALJ did not classify Ms. Barsz's depression as severe, he did find that she had an anxiety disorder and a personality disorder. [Tr. 19]. The doctor who performed the psychological evaluation on Ms. Barsz indicated she had a depressed mood, but there was no indication of a diagnosis of depression. [Tr. 245-46]. In addition, that doctor indicated Ms. Barsz did not have any restrictions based upon a psychological impairment. As such, the ALJ's decision that Ms. Barsz's depression was not severe was made with substantial evidence.

In addition, Ms. Barsz claims the ALJ erred by not finding her migraine headaches were severe impairments. There is no doubt from the medical record that Ms. Barsz suffers from headaches. [Tr. 136-39, 225-26, 273-84]. What is in doubt is the frequency of the headaches. Ms. Barsz sought treatment irregularly for her headaches. She saw a doctor for them in August 2001, September 2001, and August 2002. [Tr. 136, 138, 144, 225, 279, 281]. In May 2002 she indicated she recently had not had any headaches. [Tr. 318]. Because Ms. Barsz did not appear to have chronic headaches and because her headaches appeared to be controlled with medication, the ALJ's finding that her headaches failed to constitute a severe

4

impairment was made with substantial evidence.

Ms. Barsz next argues the ALJ failed to consider her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. Barsz's impairments two times in his decision. [Tr. 19]. The ALJ focused Ms. Barsz's RFC on her mental impairments and her seizure history. [*Id.*]. Finally, the hypothetical questions the ALJ asked the vocational expert focused on Ms. Barsz's mental impairments and her seizure history. [Tr. 596]. Based on the Sixth Circuit framework, the ALJ considered Ms. Barsz's impairments in combination.

Finally, Ms. Barsz contends the ALJ failed to evaluate the effect of her medications on her ability to work. Pursuant to 20 C.F.R. § 404.1529, allegations of medicine side effects have to be supported by objective evidence and be consistent with other evidence in the record. Ms. Barsz's alleged medicine side effects were never reported to her treating physicians or the state agency physicians, so they were not supported by objective evidence. In addition, because there is no evidence in the record to support her allegations, there is also no consistency between how Ms. Barsz

claims her medications made her feel and the evidence before this court. As such, even if the ALJ did fail to evaluate the effect of her medications on her ability to work, that error is harmless, as there was no objective evidence to support Ms. Barsz's claim.

After careful consideration of the entire record of proceedings related to this case, Ms. Barsz's motion for summary judgment will be denied, the defendant's motion for summary judgment [Doc. 13] will be granted, and this action will be dismissed.

An appropriate order will follow.

    ENTER:

                                              s/Thomas Gray Hull
                                              THOMAS GRAY HULL
                                                SENIOR U. S. DISTRICT JUDGE

6

Case 2:04-cv-00371   Document 15   Filed 06/30/05   Page 6 of 6   PageID #: 21